CENTRAL SHOREWOOD BUILDING CORPORATION, Appellant,
vs. SALTZSTEIN, Respondent.

*February 16—March 14, 1944.*

For the appellant there were briefs by *Rubin, Zabel & Ruppa,* attorneys, and *Wm. B. Rubin* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa.*

*Aaron D. Levine* and *Howard G. Brown,* both of Milwaukee, for the respondent.

FAIRCHILD, J.  The adoption of a policy or an arrangement for the conduct of the affairs of a corporation as distinguished from a purely factional contest is generally manifested in the choice of directors by the stockholders qualified to vote on those matters.  It then becomes the duty of duly chosen and constituted directors and officers to manage the affairs of the corporation.  Sec. 180.13, Stats.; *Fleischer v. Pelton Steel Co.* 183 Wis. 451, 198 N. W. 444.  And it would be among their duties to prevent an interruption in the carrying out of such policy by any unwarranted acts tending to usurpation or the illegal intrusion into management by others.

While the strife between different interests seems to have been of considerable duration and characterized by a rivalry for control, still the question presented is : Did Leverenz have the power to engage the professional services of respondent for the corporation?

The appellant contends that respondent was not at the time he rendered the services for which he has been paid, duly employed by and did not render services for the use and benefit of the corporation. It is the claim that he was retained as counsel for Oscar Leverenz in a purely factional dispute between two classes of stockholders and as such was not entitled to compensation from the corporation. But the evidence sustains the findings that the dispute in question was much more than a "factional fight" between conflicting groups of stockholders. It shows the development of a problem concerning the legality of certain elections and the right of the corporation to have the affairs managed by certain directors. In this situation legal assistance in maintaining the correct procedure for a compliance with statutory and charter provisions was proper. It insured the corporation's continued operation in accordance with the wishes expressed by the stockholders in the selection of the management. The appellant urges that no corporate property, assets, or interest was endangered, and that the respondent, therefore, was not entitled to hold the appellant for the legal services rendered. See *Hull v. Enoch Morgan Sons Co.* 2 N. Y. City Ct. Rep. 69, 130 A. L. R. 898, in support of this contention. But the conduct of the company's affairs had been placed in certain hands and confusion was resulting because of the acts of would-be officials. The untangling of these problems was of major importance to the corporation in order to insure the effectiveness of future acts. Certainly, anything affecting the validity of the action of a corporation is of interest. And the corporation has a right to the assurance that its policy is being carried out.

We do not find it necessary to review the evidence in detail. The dispute extended over quite a period of time and the story is a lengthy one. But the evidence does show the attempt of Derzon and Gengler, two owners of preferred stock, to hold an election to fill vacancies on the board of directors and to hold office as duly qualified directors when neither owned common stock in the corporation and when ownership of common stock was a condition precedent to holding office. Sec. 2, art. IV, of the articles of incorporation. It also shows the refusal of Derzon and Gengler to recognize the selection of Kah and Klein pursuant to sec. 180.13, Stats., to fill the vacancies in the board until the next annual meeting of the stockholders. The conclusion, that Mr. Leverenz as one of the directors and general manager of the corporation could employ counsel to prevent the usurpation of power by an unauthorized group, is justified.

A general manager has the power to employ counsel to act in behalf of the corporation. 2 Fletcher, Cyc. Corp. (perm. ed.) p. 625, sec. 673; *Green Bay Fish Co. v. Jorgensen,* 165 Wis. 548, 163 N. W. 142; Restatement, Agency, p. 174, sec. 73. It was proper and undoubtedly necessary in order to prevent the intrusion into the management of a group of preferred stockholders contrary to charter provisions and the general plan of the corporate structure, for the corporation to have the benefit of the professional services rendered by respondent. And his employment as counsel was duly ratified on June 21, 1941, by the board of directors elected under the supervision of the court.

A corporation has the right to be governed by its dominant representatives and to defend against any interference with that right. *Kanneberg v. Evangelical Creed Congregation,* 146 Wis. 610, 614, 131 N. W. 353. Here, counsel was employed to defend the corporation against such interference.

His employment was within the scope of Leverenz's power and was subsequently ratified by the board of directors. Under these circumstances, the respondent was entitled to his compensation.

*By the Court.*—Judgment affirmed.